UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTORIA L. THOMAS,              )  | |
| )  | |
| Plaintiff     )  | |
| )  | |
| vs.                      )  | CAUSE NO. 2:05-CV-253RM |
| )  | |
| SOUTH BEND COMMUNITY         )  | |
| SCHOOL CORPORATION BOARD     )  | |
| OF SCHOOL TRUSTEES, et al.,  )  | |
| )  | |
| Defendants    )  | |

OPINION and ORDER

This cause is before the court on the motion of defendant National Education Association-South Bend to dismiss Victoria Thomas's claims against the Union under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). The Union argues, pursuant to Federal Rule of Civil Procedure 12(b)(6), that Ms. Thomas's claims under the LMRA should be dismissed for failure to state a claim. The Union argues, in the alternative, that Ms. Thomas's claims of unfair labor practices should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because Ms. Thomas didn't exhaust her administrative remedies and, as a result, the court lacks subject matter jurisdiction over those claims. Ms. Thomas has filed her objections to the motion.

When a complaint is challenged under Federal Rule of Civil Procedure 12(b)(6), the complaint's factual allegations are taken as true and viewed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974);

Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). A defendant is entitled to dismissal under Rule 12(b)(6) only where there is no set of facts consistent with the allegations in the complaint that would entitle the plaintiff to the relief sought. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Hunt-Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago, 390 F.3d 1032, 1034 (7th Cir. 2004). A Rule 12(b)(6) motion need not be wholly granted or denied, but may be granted as to part of a complaint and denied as to the remainder. Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 115 (2d Cir. 1982); Elliott v. State Farm Mut. Auto. Ins. Co., 786 F. Supp. 487, 489 (E.D. Pa. 1992).

The Union maintains Ms. Thomas's complaint states no claim upon which relief can be granted insofar as she alleges that the Union violated its duty of fair representation. Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). As Ms. Thomas notes, if a union breaches its duty of fair representation, an employee may bring suit against the union and her employer.

The LMRA, though, doesn't apply to employees of "any State or political subdivision thereof," 29 U.S.C. § 152(2) (definition of "employer"); 29 U.S.C. § 152(3) (definition of "employee"); 29 U.S.C. § 152(5) (definition of "labor

2

organization"), and public school corporations in the State of Indiana, including the South Bend Community School Corporation, Ms. Thomas's employer, are political subdivisions of the state. IND. CODE § 34-6-2-110. Thus, Ms. Thomas can't "take advantage of [29 U.S.C. § 185(a)] to establish jurisdiction." City of Beloit v. Local 643 of American Fed'n of State, County, and Mun. Employees, AFL-CIO, 248 F.3d 650, 654 (7th Cir. 2001); *see also* Strasburger v. Board of Educ., Hardin County Cmty. Unit Sch. Dist. No. 1, 143 F.3d 351, 359 (7th Cir. 1998) ("Since the School Board is not an 'employer' and Strasburger is not an 'employee,' § 185(a) provides no federal basis for his claim."]. Dismissal of her claims against the Union based on violations of the LMRA is appropriate.

Because the Union's argument brought pursuant to Rule 12(b)(6) is dispositive, the court needn't address its alternative ground for dismissal pursuant to Rule 12(b)(1). The motion of defendant National Education Association-South Bend to dismiss Ms. Thomas's claims that the Union violated the Labor Management Relations Act [docket # 16] is GRANTED.

SO ORDERED.

ENTERED:   February 6, 2006

                                /s/ Robert L. Miller, Jr.
                               Chief Judge
                               United States District Court