UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VICTORIA L. THOMAS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:05-CV-253 RM |
| | ) | |
| SOUTH BEND COMMUNITY | ) | |
| SCHOOL CORPORATION | ) | |
| BOARD OF TRUSTEES, et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

On June 29, 2006, a hearing was held on plaintiff Victoria Thomas's motion for a protective order and the motion of non-party John Hamilton to quash his deposition. Magistrate Judge Christopher A. Nuechterlein memorialized his ruling on the motions in an order dated June 30. Ms. Thomas has filed objections to the Magistrate Judge's Order,[1] and the School Board has filed its response to her objections and in that filing raised objections of its own to the Magistrate Judge's Order.

The June 30 Order, in which the motions were granted in part and denied in part, states in pertinent part,

> [T]he defendants are entitled to take [Ms. Thomas's] deposition and inquire into any factual matter related to this case. . . . However, because neither party disputes that there was an attorney-client

---

[1] Further filings in this court must be in compliance with the requirement of Rule 5.1(a) of the Local Rules of the United States District Court for the Northern District of Indiana that all filings "shall be . . . double spaced, except for headings, footnotes and quoted material."

> relationship between the plaintiff and Mr. Hamilton, the communications that plaintiff had with Mr. Hamilton are protected by the attorney-client privilege. Therefore these communications are not discoverable.
>
> The defendants may also depose Mr. Hamilton on issues concerning his statements, understandings, and the representations he made during any conversation or meeting with the defendants, but they may not inquire as to any communications Mr. Hamilton had with his client, because these communications are privileged.

June 30, 2006 Ord., at 3.

Ms. Thomas takes issue with the Magistrate Judge's conclusion that the depositions can go forward and argues that any statements, understandings, and representations made by Mr. Hamilton in a conversation or meeting with the defendants "could only be derived from discussions he had with plaintiff and any advice he gave the plaintiff during such attorney-client discussions." Ms. Thomas also objects to the Magistrate Judge's conclusion that the issue of whether there is an enforceable oral contract can be determined from what Mr. Hamilton said to the defendants. According to Ms. Thomas, "whatever Mr. Hamilton said to the defendants can only have been predicated upon the context of discussions and inferences he derived" from his discussions with her. She asks that the Magistrate Judge's Order be modified or set aside.

The School Board objects to the Magistrate Judge's Order as unduly restrictive and argues that all issues related to the settlement negotiations between the Board and Mr. Hamilton are discoverable. According to the School Board, "to the extent the Magistrate Judge's Order limits the scope of Mr.

Hamilton's deposition on the issue of whether a settlement was reached, the decision should be modified."

Federal Rule of Civil Procedure 72(a) provides that any portion of a Magistrate Judge's Order "found to be clearly erroneous or contrary to law" may be set aside or modified. However, "[a] finding is not clearly erroneous simply because [the reviewing court] would have weighed the evidence differently had [it] been given the first shot at it." Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995). Rather, "[t]he clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

To the extent Ms. Thomas claims any question posed to Mr. Hamilton by the defendants would be barred by Mr. Hamilton's "presumed" representation of Ms. Thomas, the Magistrate Judge's Order makes clear that inquiry into communications protected by the attorney-client privilege are not discoverable. Ms. Thomas hasn't argued or demonstrated that the Magistrate Judge's conclusion in this regard is clearly erroneous.

Neither has Ms. Thomas demonstrated that any portion of the Magistrate Judge's Order is contrary to law. Her conclusory and unsupported statement that the Order "raises an issue in terms of prevailing contract law" is insufficient to demonstrate that the Order is somehow contrary to law. *See* Weinstein v. Schwartz, 422 F.3d 476, 477 n.1 (7th Cir. 2005) ("The failure to develop an

argument constitutes a waiver."); United States v. Wimberly, 60 F.3d 281, 287 (7th Cir. 1995) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

The School Board complains that the Magistrate Judge's Order is too restrictive and asserts that "any issues regarding the settlement negotiations" are subject to discovery. The Board, however, hasn't provided a specific context under which any such limitation could be reviewed at this time nor has the Board explained why an assertion of privilege couldn't instead be challenged at the time such an issue arises. Such an objection at this point in the discovery process is over broad and can't serve as a basis to modify the Order.

Because neither party has demonstrated that the Magistrate Judge's June 30 Order is clearly erroneous or contrary to law, their objections [docket # 55 and # 56] are OVERRULED.

SO ORDERED.

ENTERED:   July 14, 2006

                                          /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court

cc:    Magistrate Judge Nuechterlein
       D. Grimes
       A. Overholt, T. Wheeler
       E. Hylton, D. Kress
       J. Hamilton