UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTORIA L. THOMAS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:05-CV-253 RM |
| ) | |
| SOUTH BEND COMMUNITY SCHOOL ) | |
| CORP. BOARD OF TRUSTEES, et al., ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

Defendant NEA-South Bend has moved to stay Victoria Thomas's action against the union based on the doctrine of primary jurisdiction. According to the NEA, Ms. Thomas must exhaust her administrative remedies relating to her claim that the NEA breached its duty of fair representation before she may seek judicial determination of her claims against the union. The NEA says the Indiana Education Employment Relations Board has specialized expertise in determining whether a teachers' union has breached its duty of fair representation, and the court should stay Ms. Thomas' claims against the NEA pending the outcome of administrative review by the Board.

"The doctrine of primary jurisdiction allows a federal court to refer a matter extending beyond the 'conventional experiences of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." In re StarNet, Inc., 355 F.3d 634,

639 (7th Cir. 2004) (*quoting* National Communications Ass'n, Inc. v. AT&T Co., 46 F.3d 220, 222-223 (2d Cir. 1995)). Primary jurisdiction allocates to an administrative agency "the first crack at certain matters. And the doctrine of primary jurisdiction is implemented by abstention– which means by staying rather than dismissing the litigation. Once the agency has completed its work, the parties return to court for the resolution of any remaining issues." Baker v. IBP, Inc., 357 F.3d 685, 688 (7th Cir. 2004) (citations omitted).

Ms. Thomas argues that the court should deny the NEA's motion because she has filed a hybrid suit comprised of two inextricably interdependent causes of action. She explains that her claims are based on Title VII of the Civil Rights Act of 1964, the Age Discrimination Employment Act of 1967, 42 U.S.C. §§ 1981, 1982a, and 1988, the Fourteenth Amendment to the United States Constitution, Section 301 of the Labor Management Relations Act[1], and Indiana tort law, and she has invoked federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343. Ms. Thomas maintains she has no obligation to exhaust any administrative remedies because, based on the Supremacy Clause of the United States Constitution, federal courts have exclusive jurisdiction in the area of labor relations and federal courts are permitted to retain jurisdiction over independent

---

[1] Ms. Thomas' claims based on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), which governs suits for violation of contracts between an employer and a labor organization, were dismissed on February 6, 2006 because the South Bend Community School Corporation, as a political subdivision of the State of Indiana, isn't an employer as that term is defined under the LMRA.

2

federal causes of action when labor-related claims "are merely collateral to the fundamental dispute."

Ms. Thomas alleges in her complaint that the NEA had a legal obligation to represent her "in matters involving bargaining and enforcement of the collective bargaining agreement," Compl., ¶ 39, and that the NEA violated its duty of fair representation by failing to represent her during the grievance process, Compl., ¶ 45, refusing to pursue a grievance, Compl., ¶ 47, acquiescing when the School Corporation discriminated against her after she filed a grievance, Compl., ¶ 49, and preventing her from enforcing her "agency contract with the [NEA] itself." Compl., ¶ 50. She seeks damages based on the NEA's "intentional violation of its duty of fair representation." Compl., ¶ 51. Ms. Thomas' labor-related claims against the NEA are not "merely collateral to the fundamental dispute."

In Indiana, a claim for a breach of the duty of fair representation by a school employee organization constitutes an unfair labor practice under Indiana Code § 20-29-7-2 and, as such, is a matter for exclusive determination by the Indiana Education Employment Relations Board. Fratus v. Marion Cmty. Sch. Bd. of Trustees, 749 N.E.2d 40, 45-46 (Ind. 2001); *see also* Rhines v. Norlarco Credit Union, 847 N.E.2d 233, 237 (Ind. Ct. App. 2006) ("an administrative remedy, where one is available, must be pursued before a claimant is allowed access to the courts"). Exhaustion of administrative remedies may be excused if the exercise would be futile or impossible or if the administrative agency is powerless to effect a remedy, Johnson v. Celebration Fireworks, Inc., 829 N.E.2d 979, 984 (Ind.

2005), but Ms. Thomas hasn't alleged or argued the futility of an administrative procedure or remedy.

Accordingly, because Ms. Thomas' claims against the NEA relate to an alleged unfair labor practice by the union, the motion of the NEA to stay the proceedings against it [docket # 73] is GRANTED. Ms. Thomas' claims against the NEA are hereby STAYED pending the outcome of administrative review by the IEERB pursuant to Indiana Code §§ 20-29-7-4.

SO ORDERED.

ENTERED:   July 11, 2007

　　　　　　　　　　　　　　　　　 /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　　United States District Court