UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTORIA L. THOMAS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SOUTH BEND COMMUNITY SCHOOL )<br>CORP. BOARD OF TRUSTEES, et al., )<br>)<br>Defendants ) | CAUSE NO. 2:05-CV-253 RM |

OPINION and ORDER

Victoria Thomas has filed a motion to reconsider the court's July 11 Opinion and Order granting the NEA's motion to stay the proceedings until Ms. Thomas exhausts her administrative remedies relating to her claim that the NEA breached its duty of fair representation. Ms. Thomas argues in her motion, filed on July 20 pursuant to Federal Rule of Civil Procedure 59(e), that requiring her to exhaust administrative remedies constitutes a manifest error of law. The NEA filed its objection to her motion, Ms. Thomas filed her reply, the NEA filed a sur-reply, and Ms. Thomas has asked for additional time to respond to the sur-reply. Having reviewed the parties' submissions, the court determines that further briefing is unnecessary and denies Ms. Thomas' motion to submit an additional filing.

Federal Rule of Civil Procedure 59 "enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Russell v. Delco Remy Div. of General Motors Corp., 51

F.3d 746, 749 (7th Cir. 1995). Rule 59 motions serve a limited purpose. A Rule 59 motion may be granted only if there has been a mistake of law or fact or if there is newly discovered evidence not previously available; a party may not introduce evidence or make arguments that could have or should have been presented to the court prior to judgment. United States v. 47 West 644 Route 38, Maple Park, IL, 190 F.3d 781, 783 (7th Cir. 1999).

Mrs. Thomas maintains the doctrine of primary jurisdiction is inapplicable to her claim of breach of the duty of fair representation by the NEA. According to Ms. Thomas, because her complaint contains numerous intertwined claims and she seeks damages and has demanded a jury trial, her claims don't fall within the realm of administrative discretion of the Indiana Education Employment Relations Board ("IEERB") and administrative review is inappropriate. These are the same arguments made by Ms. Thomas and rejected by the court in connection with the NEA's motion for stay and as such do not provide a basis for reconsideration under Rule 59. Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) ("[Movant's] motion for reconsideration did little more than rehash old arguments. Rule 59 is not a vehicle for rearguing previously rejected motions."); Holden v. Deloitte andTouche, 390 F. Supp.2d 752, 757 (N.D. Ill. 2005) ("A reconsideration motion should not be used to reargue or rehash arguments previously presented.").

Ms. Thomas claims the court granted the NEA's motion to stay because she "did not allege or argue the futility of an administrative procedure or remedy

2

within the framework of the doctrine of primary jurisdiction," a conclusion she says "constitutes a manifest error of law or fact." Mot., at 3. Ms. Thomas is mistaken. Requiring her to exhaust administrative remedies related to her claims against the NEA was dictated by the Indiana Supreme Court's holding that a school employee's claim against a union for breach of the duty of fair representation constitutes an unfair labor practice and therefore "is a matter for exclusive IEERB determination." Fratus v. Marion Comm'y Schs. Bd., 749 N.E.2d 40, 45-46 (Ind. 2001). Ms. Thomas' argument that her case and Fratus "are substantively light years apart" and Fratus is inapplicable – because that case was one "of first impression in Indiana" and the plaintiffs' claims were different – is without merit. The court can't agree with Ms. Thomas that the IEERB isn't equipped to decide the combination of unfair labor practice issues raised in her complaint.

Finally, Ms. Thomas claims in her reply brief that the IEERB has no jurisdiction to consider her claims against the NEA because she retired from her position with the South Bend Schools on June 30, 2007. Ms. Thomas claims exhaustion of administrative remedies is now futile; she says the IEERB can only consider claims by a "school employee" and based on her retirement "the IEERB is without authority to adjudicate [her] complaint because [she] is not a school employee." Reply, at 4. The NEA says the court shouldn't consider Ms. Thomas' argument in this regard because the argument was raised for the first time in her reply brief. Ms. Thomas, however, claims her argument isn't new; she says she

3

"presented evidence" in her reconsideration motion that she retired as a SBCSC school employee effective June 30, 2007, which "at a minimum raise[d] the inference that she is not subject to the jurisdiction of the IEERB because she is not an employee of the SBCSC." Mot. for leave to respond to sur-reply, ¶ 8.

Ms. Thomas' lone statement in her motion to reconsider that she "retired from the SBSC after filing suit, effective June 30, 2007," Mot., at 6, is insufficient to "raise the inference" that she was claiming and arguing that the IEERB lacks jurisdiction over her claims because she is no longer a school employee. United States v. Alhalabi, 443 F.3d 605, 611 (7th Cir. 2006) ("Alhalabi did not develop this argument in his initial brief before this court, raising it in a meaningful way only in his reply brief, so it is waived."); Harper v. Vigilant Ins. Co., 433 F.3d 521, 528 (7th Cir. 2005) ("The argument is more developed in [the] reply brief, but this is too little, too late, for arguments raised for the first time in a reply brief are [also] waived.'"). Even if Ms. Thomas had advanced her argument in a timely fashion, her claim that the IEERB lacks jurisdiction over her claims because she is retired is without support. See Fratus v. Marion Comm'y Schs. Bd., 749 N.E.2d 40 (Ind. 2001) (concluding the doctrine of primary jurisdiction was applicable and case should be stayed pending a decision by the IEERB on a claim of breach of the duty of fair representation brought by retired teachers against union).

Primary jurisdiction allocates to an administrative agency "the first crack at certain matters. And the doctrine of primary jurisdiction is implemented by abstention – which means by staying rather than dismissing the litigation. Once

4

the agency has completed its work, the parties return to court for the resolution of any remaining issues." Baker v. IBP, Inc., 357 F.3d 685, 688 (7th Cir. 2004) (citations omitted). Ms. Thomas' claim of breach of the duty of fair representation against the NEA is a matter for agency determination. And because "an administrative remedy, where one is available, must be pursued before a claimant is allowed access to the courts," Rhines v. Norlarco Credit Union, 847 N.E.2d 233, 237 (Ind. Ct. App. 2006), Ms. Thomas' claims against the NEA were properly stayed pending the outcome of administrative review by the IEERB pursuant to Indiana Code §§ 20-29-7-4.

Based on the foregoing, Ms. Thomas' motion to file additional briefing [docket # 94] is DENIED and her motion for reconsideration [docket # 83] is DENIED.

SO ORDERED.

ENTERED:   August 31, 2007

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court