UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VICTORIA L. THOMAS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 2:05-CV-253 RM |
| ) | |
| SOUTH BEND COMMUNITY ) | |
| SCHOOL CORPORATION BOARD ) | |
| OF SCHOOL TRUSTEES, et al., ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

On April 15, 2008, the court granted the summary judgment motion of the South Bend Community School Corporation Board of Trustees, Joan Raymond, Amber Harmon, and Martin Lopez, and judgment in favor of those defendants was entered that same day. Victoria Thomas is now before the court asking that the judgment be altered or amended pursuant to Federal Rule of Civil Procedure 59(e). Her motion was filed on April 25, within ten days of the April 15 judgment, and is properly brought under Rule 59(e).[1] Britton v. Swift Transp. Co., Inc., 127 F.3d 616, 618 (7th Cir. 1997).

---

[1] To the extent Ms. Thomas challenges the court's orders entered December 14 and December 20, 2007 relating to the striking of her original 110-page response brief, relief from those rulings isn't proper under Rule 59(e), but instead is governed by Federal Rule of Civil Procedure 60(b), which applies to requests for relief from an order filed more than ten days after the entry of the order. Because Ms. Thomas hasn't addressed the timing of her challenge to those orders or sought relief based on any of the grounds set forth in Rule 60(b) – mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or any other reason that justifies relief – the court concludes she isn't entitled to relief relating to the December 14 and 20 orders. See United States v. Deutsch, 981 F.3d 299, 301 (7th Cir. 1992) ("substantive motions served from the eleventh day on must be shaped to the specific grounds for modification or reversal listed in Rule 60(b)").

Federal Rule of Civil Procedure 59(e) requires that Ms. Thomas "clearly establish a manifest error of law or an intervening change in controlling law or present newly discovered evidence." Roma v. Gulf Stream Coach, Inc., 250 F.2d 1119, 1121 n.3 (7th Cir. 2001). Ms. Thomas hasn't identified a change in controlling law or presented newly discovered evidence, and while she cites to a number of instances she claims constitute manifest errors of law, she doesn't provide any argument or citation of authority to support her claims. Her conclusory statements that the court committed various manifest errors of law are insufficient to "clearly establish a manifest error of law" as required by Rule 59(e). *See also* Perez v. Autozone, Inc., No. 07C1955, 2008 WL 961583, at *1 (N.D. Ill. Apr. 8, 2008) ("The losing party's disappointment does not create a 'manifest error.'").

Ms. Thomas's motion to alter or amend judgment [docket # 144] is DENIED.

SO ORDERED.

ENTERED:   April 29, 2008

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court