UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VICTORIA L. THOMAS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:05-CV-253 RM |
| | ) | |
| SOUTH BEND COMMUNITY | ) | |
| SCHOOL CORPORATION, et al. | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

The court granted the School Defendants' summary judgment motion on all Ms. Thomas' claims against them on April 15, 2008, but no final judgment was entered then because Ms. Thomas' remaining claims against the NEA-SB were stayed so that she could exhaust her administrative remedies before the Indiana Education Employment Review Board. This case was put on the inactive docket until such time as either party asked that it be restored to the trial docket to proceed to final disposition. The School Defendants are now before the court on their motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

Ms. Thomas filed her complaint with the IEERB on May 12, 2008, and an complaint on August 24, naming both the NEA-SB and the SBCSC as defendants. On May 25, 2010, the hearing examiner issued his "Conclusions of Law," in which he determined that (a) the NEA-SB didn't engage in an unfair labor practice, *i.e.*,

didn't breach the duty of fair representation under INDIANA CODE § 20-29-7-2, and (b) the SBCSC didn't engage in an unfair labor practice, *i.e.,* didn't interfere with, restrain, or coerce Ms. Thomas in the exercise of her rights under state law, and further recommended that Ms. Thomas' amended complaint be denied and dismissed. Ms. Thomas filed her exception to the examiner's report on June 16 and her supporting brief on July 23; response briefs from the NEA-SB and the SBCSC were due August 26. The court has no further information about the status of that administrative proceeding.

Federal Rule of Civil Procedure 54(b) "permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." Lottie v. West American Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005) (*quoting* Factory Mut. Ins. Co. v. Bobst Group USA, Inc., 392 F.3d 922, 924 (7th Cir. 2004)); *see also* Cadelway Props., Inc. v. Ossian State Bank, 478 F.3d 767, 768 (7th Cir. 2007) (Rule 54(b) allows entry of a judgment "that resolves either (i) all aspects of the litigation concerning particular parties, or (ii) all aspects of a discrete controversy within a larger litigation."). Thus, Rule 54(b) is to be employed "only when the subjects of the partial judgment do not overlap with those remaining in the [case]. . . . Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the [case], where 'separate' means having minimal factual overlap." Lottie v. West American Ins. Co., 408 F.3d at 938-939; *see also* Ty, Inc. v. Publications Int'l Ltd., 292 F.3d 512, 515 (7th Cir.

2002) ("separate" in the Rule 54(b) context does not mean arising under a different statute or legal doctrine but rather means involving different facts).

> The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the [appellate] court would have to go over the same ground that it had covered in the first appeal.

Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157, 1162 (7th Cir. 1997). "In applying Rule 54(b), district courts must be cognizant that the norm in litigation is 'one appeal per case.'" Graphic Communications Nat'l Health & Welfare Fund v. Tackett, No. 07-CV-0123, 2007 WL 2701304, at *1 (S.D. Ill. Sept. 12, 2007) (*quoting* United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1218 (7th Cir. 1990)).

In support of their request that a final judgment be entered, the School Defendants say this case is five years old, they obtained a judgment in their favor two years ago, and they shouldn't have to wait for an appealable judgment in their favor while Ms. Thomas' claims against the NEA-SB continue in the administrative process. They say further delay will prejudice them because some of the defendants and their witnesses aren't employed by the corporation any longer. They maintain that "resolution of the IEERB proceeding will have no impact on plaintiff's claims against the School Defendants that were resolved in the summary judgment decision issued two years ago. Further, as the Hearing Officer already determined, there is no merit to the plaintiff's position that the School

3

engaged in an unfair labor practice. That claim (to the extent there is any factual basis for it) is properly directed at the Union, not the School." Mot., at 2-3.

Ms. Thomas objects to entry of final judgment, arguing that "the unfair labor practices claims against the School Defendants were never litigated in the trial court; were not raised in the School Defendants' motion for summary judgment; and were not addressed or finally adjudicated by the court in the 47-page opinion dated April 15, 2008." Resp., ¶ 8. Ms. Thomas says judgment shouldn't be entered for any defendants in this case until her claims against the School Defendants and the NEA-SB "have been finally adjudicated by the IEERB and, if necessary, by the trial court." Resp., ¶ 10.

Contrary to Ms. Thomas' claim, no claims remain pending against the School Defendants in this action, but the facts that were considered in resolving the claims against those defendants overlap the facts that will be considered, if necessary, in resolving the claims against the NEA-SB. Thus, the appellate court would be forced to go over the same ground a second time when the judgment terminating the entire case was appealed. Ty, Inc. v. Publications Int'l, 292 F.3d at 516. In balancing "the advantage of allowing an immediate appeal against the advantage of delaying the appeal until the pending claims can be resolved so that all can be decided by a single appeal at a later time," Continental Cas. Co. v. Anderson Excavating & Wrecking Co., 189 F.3d 512, 518 (7th Cir. 1999), the court concludes that entry of a partial judgment at this time would result in piecemeal litigation.

The court is sympathetic to the School Defendants' complaint about the unusually long period of time that has been (and has yet to be) involved in reaching a final resolution in this action, but "[i]t is not enough that the court wants to accommodate counsel's desire for an immediate appeal. Rather the court must carefully consider whether immediate appeal is appropriate in a particular case." Shoppell v. Schrader, No. 1:08-CV-284, 2009 WL 1241251, at *2 (N.D. Ind. May 1, 2009) (internal quotation and citation omitted). Based on the factual overlap – limited as it is – entry of final judgment under Rule 54(b) is not appropriate, and the court DENIES the School Defendants' motion [docket 166].

SO ORDERED.

ENTERED:     October 8, 2010

/s/ Robert L. Miller, Jr.
Judge, United States District Court